OPINION
{¶ 1} Plaintiff-appellant Lisa Kontir appeals from a judgment and decree of divorce. She contends that the trial court erred "by denying plaintiff-appellant the right to file written objections to the magistrate's decision." Although we agree with Ms. Kontir that the trial court erred by finding that the parties had "waive[d] the fourteen day time period for filing objections," we conclude that this error was never brought to the attention of the trial court, that Ms. Kontir never filed objections to the decision of the magistrate pursuant to Civ.R. 53, that this assignment of error is therefore governed by the plain error standard, and that Ms. Kontir has never demonstrated that the result of this litigation would clearly have been otherwise, had the error not occurred. Accordingly, Ms. Kontir's sole assignment of error is overruled and the judgment of the trial court is Affirmed.
 I {¶ 2} Ms. Kontir brought this action for divorce against defendant-appellee Carsen M. Kontir in June, 2002. In December, 2002, both parties appeared, with their counsel, before a magistrate, and indicated that they had come to agreement concerning the terms of their divorce decree. The terms of the agreement were read into the record, and both parties advised the magistrate that they agreed to those terms.
 {¶ 3} In due course, a 20-page document, with two attachments, entitled "Agreed Magistrate's Decision," was presented to the magistrate. This document bore the signatures of Mr. Kontir and his attorney, but was not signed by Ms. Kontir or her attorney. By entry dated March 20, 2003, the magistrate found that the proposed entry accurately reflected the agreement of the parties, but expressly noted that neither Ms. Kontir, nor her attorney, had signed the proposed decree. The magistrate noted that there had been a dispute concerning a credit card debt, but that Mr. Kontir had agreed to pay that debt in full, in the amount of $22,000. The "Agreed Magistrate's Decision," was entered on the same day, March 20, 2003. Also that same day, the trial court entered a "Journal Entry, Final Appealable Order," the entire text of which is as follows:
 {¶ 4} "The Court approves the decision of the Magistrate filed this date. The parties, by submitting this agreed Journal Entry, waive the fourteen day time period for filing objections.
 {¶ 5} "The Court Divorces The Parties."
 {¶ 6} The entry of the trial court was signed by the trial judge, but was not signed by either party, or by either party's attorney.
 {¶ 7} From the judgment of the trial court, Ms. Kontir appeals.
 II {¶ 8} Ms. Kontir's sole assignment of error is as follows:
 {¶ 9} "The Trial Court Abused Its Discretion By Denying Plaintiff-appellant The Right To File Written Objections To The Magistrate's Decision."
 {¶ 10} Pursuant to Civ.R. 53(E)(3), any party may file written objections to a magistrate's decision within fourteen days of the filing of that decision. Pursuant to Civ.R. 53(E)(4)(c), the trial court may adopt a magistrate's decision, and enter judgment, without waiting for timely objections by the parties, but the filing of timely written objections operates as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.
 {¶ 11} In its journal entry, the trial court found that: "The parties, by submitting this agreed Journal Entry, waive the fourteen day time period for filing objections." We conclude that this statement is both factually and legally incorrect. Ms. Kontir never submitted the magistrate's decision as an agreed entry, and neither party submitted the journal entry of the trial court as an agreed journal entry. Thus, the statement is factually incorrect. Furthermore, even if the parties had submitted an agreed journal entry, there is nothing in Civ.R. 53(E), nor are we aware of any other rule of law, that would cause a submission of an agreed entry to constitute a waiver of the fourteen-day time period for filing objections.
 {¶ 12} Even if both parties submit an agreed magistrate's decision, which is entered by the magistrate, they still have fourteen days within which to file an objection to that decision. The agreed entry submitted to the magistrate might be contrary to law. Or, through a clerical mistake, it might not reflect the actual agreement of the parties. In either case, a timely objection, pursuant to Civ.R. 53, would give the trial court an opportunity to cure any error.
 {¶ 13} Pursuant to Civ.R. 6(B), the trial court may, for cause shown, enlarge the period of time within which to file objections, but we know of no provision that would permit the trial court to shorten that period.
 {¶ 14} The trial court had no power, under the Ohio Rules of Civil Procedure, to shorten the time within which either party could file objections to the magistrate's decision, and either party, deeming itself aggrieved, could, and should, have called to the attention of the trial court its compound error of: (1) finding that the parties had submitted an agreed journal entry; and (2) holding that the submission of an agreed journal entry operated to "waive the fourteen day time period for filing objections." This could, and should, have been done through the simple expedient of filing objections, and noting, either in the objections themselves, or in the memorandum in support of the objections, that the trial court had erred by concluding that the fourteen-day time period for filing objections had been waived. By failing to have brought this error to the attention of the trial court, the parties have waived all but plain error.
 {¶ 15} Plain error does not exist unless it can be said that, but for the error, the outcome of the proceedings clearly would have been different. Robb v. Lincoln Publishing (Ohio), Inc., (1996),114 Ohio App.3d 595, 683 N.E.2d 823.
 {¶ 16} In the case before us, Ms. Kontir has failed to demonstrate any respect in which the judgment and decree of divorce would have been different, had she objected. In other words, she has failed to demonstrate that she had any meritorious objection to make to the magistrate's decision. Accordingly, we find the trial court's error in determining that Ms. Kontir had waived the fourteen-day time period for filing objections to have been harmless.
 {¶ 17} Ms. Kontir's sole assignment of error is overruled.
 III {¶ 18} Ms. Kontir's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.